UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

PATRICIA KENNEDY, individually,  :
                                 :
         Plaintiff,              :
                                 :
v.                               :    Case No. 1:19-cv-0022-MW-GRJ
                                 :
GATOR HOTEL VENTURES, LLC,       :
                                 :
         Defendant.              :
_____/ :

PLAINTIFF'S MOTION FOR ENTITLEMENT TO ATTORNEY FEES, COSTS AND LITIGATION EXPENSES

Plaintiff, by and through undersigned counsel, and pursuant to Local Rule 54.1, hereby files this Motion For Entitlement To Attorney Fees, Costs And Litigation Expenses.

**I.      Brief Description Of Case**

This action was filed on February 5, 2019, for injunctive relief and attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. §12181, et seq. ("Americans With Disabilities Act" or "ADA"). Plaintiff is wheelchair bound and qualifies as a disabled person as that term is defined by the ADA. Defendant owns and operates a hotel known as Quality Inn University North I-75, 7516 W. Newberry Rd., Gainesville Florida. Rooms for this hotel may be reserved through an online reservations system through various websites (hereinafter "Websites"). Defendant's Websites failed to comply with the regulation promulgated by the Department of Justice pursuant to the ADA, because they failed to identify or allow for booking of accessible guest room and failed to provide sufficient information so that Plaintiff and other disabled persons could independently ascertain whether the hotel is accessible to them.

The parties reached a settlement on all material terms except for the amount of fees, costs and litigation expenses (hereinafter collectively referred to as ("Attorney Fees"). The parties filed a

Consent Decree at DE 11, which requires the Defendant to being its websites into compliance with the Regulation within one year.

In Para. IV, the parties additionally agreed in the Consent Decree that:

> "Defendant shall pay Plaintiff[s] counsel, Thomas B. Bacon, P.A., Plaintiff[s] attorneys[] fees., litigation expenses, reinspection fee and costs incurred in this matter..... In the event the parties are unable to agree on the amount of fees, costs, litigation expenses and reinspection fee, then Plaintiff's counsel shall be entitled to petition the Court to determine the amount."

This Consent Decree was filed with a Stipulation for approval and entry by the Court. DE 11-1. On April 19, 2019, this Court entered an order, requiring that the clerk enter judgment stating, "The parties are ordered to comply with their stipulation. The court reserves jurisdiction to enforce the order to comply with the stipulation". DE 12. The Clerk subsequently entered judgment in accordance with this Order. DE 13.

## II.     Plaintiffs Is Entitled To Her Attorney Fees

Plaintiff is entitled to her Attorney Fees (inclusive of costs, litigation expenses and reinspection fee) for two reasons.

First, the Defendant expressly agreed to the same by virtue of Para. IV of the Consent Decree. In that clause, the Defendant expressly agreed that Plaintiff would be entitled to her reasonable attorney fees, litigation expenses, reinspection fee and costs.

Second, the ADA expressly provides for such an award.

Plaintiff's claims are based on the following:

42 U.S.C. Section 12182(a) provides:

> (a) General rule
> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or

˘2˘

accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. Section 12182(b)(2)(A) expands on the definitions of the above subsection to include:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations

42 U.S.C. Section 12182(b)(2)(A)(ii).

This subsection is the subject of regulations promulgated by the Department Of Justice ("DOJ"). Specifically, the DOJ promulgated 28 C.F.R. Section 36.302(e)(1)(hereinafter "Regulation"), which provides:

> (1)Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

Plaintiff's right to injunctive relief for violations of the ADA is set forth in 42 U.S.C. Section 12188(a) which provides: "The remedies and procedures set forth in section 2000a–3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter...." 42 U.S.C. Section 2000a-3(a) provides for a "civil action for preventive relief, including... injunction...."

Finally, 42 U.S.C. Section 12205 provides that the prevailing party may be entitled to their reasonable attorney fees, costs and litigation expenses.

### III. Plaintiff Is The Prevailing Party

To recover attorneys fees under 42 U.S.C. § 12205 a plaintiff must be a prevailing party. Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res., 532 U.S. 598 (2001). In order to be a "prevailing party" under Buckhannon, a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned. Roberson v. Giuliani, 346 F.3d 75 (2d Cir. 2004); American Disability Association, Inc. v. Chimielarz, 289 F.3d 1315 (11th Cir.2002); Habich v. City of Dearborn, 331 F.3d 524 (6th Cir. 2003); Barrios v. Cal. Interscholastic Fedn., 277 F.3d 1128 (9th Cir.2002). Under Buckhannon, a plaintiff is a prevailing party and is thus entitled to a fee award if he or she obtains a consent decree in which the court retains jurisdiction to enforce and he or she receives some material benefit.

In Chimielarz, 289 F.3d at 1320, the Eleventh Circuit discussed whether a private settlement agreement could be regarded as the equivalent of a consent decree, thus entitling the plaintiff to attorney fees. In this regard, the Court held:

> "...even absent the entry of a formal consent decree, if the district court either incorporates the terms of a settlement into its final order of dismissal or expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement. Its authority to do so clearly establishes a "judicially sanctioned change in the legal relationship of the parties," as required by Buckhannon, because the plaintiff thereafter may return to court to have the settlement enforced. A formal consent decree is unnecessary in these circumstances because the explicit retention of jurisdiction or the court's order specifically approving the terms of the settlement are, for these purposes, the functional equivalent of the entry of a consent decree."

In the case at bar, Plaintiff is the prevailing party within the meaning of the Statute because this Court granted the parties' stipulation for entry and approval, ordered the parties to comply, and retains jurisdiction to enforce. Thus, if the Defendant fails to comply with the terms of the Consent Decree, Plaintiff has the right to seek additional relief in this Court. Accordingly, Plaintiff is the prevailing party in accordance with the standards announced in Buckhannan and Chimielarz.

### IV.  Plaintiff Is Presumptively Entitled To Fees

Under fee shifting civil rights statutes, prevailing plaintiffs must be awarded their reasonable attorney fees absent special circumstances. Hensley v. Eckerhart, 461 U.S. 424 (1983); Blanchard v. Bergeron, 498 U.S. 87 (1989); Dowdell v. City of Apopka, Florida, 698 F.2d 1181 (11th Cir. 1983); Johnson v. State of Mississippi, 606 F.2d 635 (5th Cir. 1979).

The purpose of fee shifting provisions in civil rights statutes is two-fold. On the one hand, it is to encourage litigation by aggrieved victims of discrimination to act as "private attorney generals". On the other hand, it serves the purpose of punishing violators and encourages voluntary compliance with the law. According to the Supreme Court, ""when a district court awards counsel fees to a prevailing [civil rights] plaintiff, it is awarding them against a violator of federal law." Christiansburg Garment Co., v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 418 (1978).

In Young v. New Process Steel, LP, 419 F.3d 1201, 1205 (11th Cir. 2005), the Eleventh Circuit said the following of Congress' inclusion of fee shifting provisions in civil rights statutes:

> "And the same policy reasons are at play in both contexts. The reason that attorney's fees are awarded to successful plaintiffs as a matter of course where § 1988 applies is that in civil rights cases plaintiffs are "the chosen instrument of Congress." Christiansburg, 434 U.S. at 418, 98 S.Ct. at 699. Congress has decided to implement its civil rights laws by effectively deputizing individuals to act as "private attorney general[s]" while they pursue their own interests as plaintiffs. Newman v. Piggie Park Enter., Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). *Reimbursing successful plaintiffs for the cost of their attorneys out of the losing defendants' pockets serves a dual function: it provides an incentive for bringing the lawsuits, and it adds to the costs of those who violate the civil rights of others*. Id.; Christiansburg, 434 U.S. at 418-19, 98 S.Ct. at 699."

(Emphasis added.)

See also. Hensley v. Eckerhart, 461 U.S. 424, 445(1983)("All of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain.");Texas State Teachers Assoc., v. Garland Independent School Dist., 489 U.S. 782, 791 (1989)(noting "private attorney general" doctrine served in fee shifting civil rights statute, thus entitling plaintiffs to attorney fees);   Alliance For ADA Compliance, Inc. v. Har-Gon Enterprises, Inc., No. 99-11703, slip op. at 3 (11th Cir. 2000)("The enforcement of civil rights statutes by plaintiffs as private attorneys general is an important part of the underlying policy behind the [ADA]"); Bruce v. City Of Gainesville, 177 F.3d 949, 952 (11th Cir. 1999)(applying this rationale to ADA cases); Mallory v. Harkness, 923 F.Supp 1546, 1551 (S.D. Fla. 1996)("Congress intended Section 1988 to prompt plaintiffs to act as citizen enforcers or private attorneys general advancing our nation civil rights objectives and vindicating the liberty of all citizens.").

The Department of Justice, which is charged with enforcement of the ADA, has itself stated that: "[t]he federal government also depends heavily on 'private attorneys general' to supplement its

enforcement efforts under Title II and other civil rights statues. [citations omitted.] The United States thus has a strong interest in ensuring that discrimination victims can obtain complete relief for their injuries through private litigation." Amicus Curiae Brief submitted in Tyler v. City of Manhattan, Kansas, No. 94-3344, pp. 7-8 (D. Kansas).

In Equal Rights Center v. Abercrombie & Fitch Co., 1:09-cv-3157, DE 38 (D. MD July 2010), the DOJ stated:

> "Private plaintiffs play an important role in enforcing the ADA, particularly in the area of public accommodations. *See* 42 U.S.C. § 12188(a)(1). The United States cannot investigate every place of public accommodation in the country to determine if it is in compliance with the ADA. Effective enforcement of title III, therefore, depends upon a combination of suits by the United States and litigation by private plaintiffs who are aware of and encounter violations in their local communities. The United States therefore has a strong interest in ensuring that the standing of private plaintiffs to sue under title III is not unduly restricted."

In Dowdell v. City of Apopka, Florida, 698 F.2d 1181 (11th Cir. 1983), the Eleventh Circuit held that its purpose is to ensure effective enforcement of civil rights laws, by making it financially feasible to litigate civil rights violations. "Civil rights law depends heavily on private enforcement. Moreover, the inclusion of penalties and damages is the driving force that facilitates voluntary compliance with the ADA." Parr v. L & L Drive-Inn Restaurant, 96 F.Supp.2d 1065, 1082 (D. Hawaii 2000). Courts have noted: "As a result, most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled. For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1062 (9th Cir. 2007); D'Lil v. Best Western Encina Lodge & Suites, 538 F.3d 1031, 1040 (9th Cir. 2008).

### IV. Litigation Expenses Include Reinspection Fee

In order to monitor Defendant's compliance with the terms of the Consent Decree, it will be necessary to retain the services of an expert. In the event the Defendant fails to comply, a report from the expert will be necessary if Plaintiff is to file a motion to enforce. For this reason, numerous courts have held that plaintiffs are entitled to a reasonable reinspection fee as part of their litigation expenses. See, e.g. Kennedy v. SATYA GROUP, LLC, Case Number: 2:17-cv-14393-RLR, DE 15 (S.D. Fla. 1/3/2018) See also, Access For America, Inc. v. Oakwood Center, L.C., Case No. 8:02-civ-464-T-30MSS (M.D. Fla. 2003); Access For America, Inc. v. Fram Fed Four, Inc. Case No. 02-60605-civ-Lenard/Simonton, at p. 14 (S.D. Fla. 2002); Access 4 All, Inc. v. Business Consultants International Corp. Case No. 02-21482-civ-Ungaro-Benages/Brown p. 10 (S.D. Fla. 2002); Access 4 All, Inc. v. Safari Investments, Inc. Case No. 01-4795-civ-Jordan/Bandstra, p. 11 (S.D. Fla. 2002); ; Kennedy v. Shree Ram Jalaram, Inc., 19-60708, DE 13 (S.D. Fla. 4/18/2019). Various circuit courts have held that services required in the post-judgment monitoring to ensure continuing compliance with a consent decree in civil rights cases are compensable. See Keith v. Volpe , 833 F. 2d. 850, 855-56  (9th Cir. 1987), Johnson v. City of Tulsa, 489 F.3d 1089, 1106  (10th Cir. 2007), Northcross v. Board of Education, 611 F. 2d 624, 637  (6th Cir. 1980);Garrity v. Sununu, 752 F. 2d 727, 738-39 (1st Cir. 1984), Jenkins v. State of Missouri, 127 F. 3d 709, 716-720  (8th Cir. 1997).

### V. Conclusion

In accordance with the above standards and the plain language of the Consent Decree, Plaintiff is entitled to her reasonable attorney fees, costs and litigation expenses, including a reinspection fee.

          Respectfully submitted,

          Attorney for Plaintiff:

           /s/ Kimberly A. Corkill

        Kimberly A. Corkill, Of Counsel
        Thomas B. Bacon, P.A.
        7 N. Coyle Street
        Pensacola, FL 32502
        ph. 850-375-3475
        fx 877-828-4446
        kimberlyatlaw@gmail.com
        Florida Bar Id. No. 84942

        Thomas B. Bacon, Esq.
        Thomas B. Bacon, P.A.
        644 North Mc Donald St.
        Mt. Dora, FL 32757
        ph. (850)375-3475
        kimberlyatlaw@gmail.com
        Florida Bar. Id. No. 84942

## CERTIFICATE OF CONFERENCE

 Undersigned counsel hereby certifies that, pursuant to Local Rule 7.1(B), they conferred with Defendant's attorney and he consents to an order granting this motion.

## CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the foregoing was served via the Court's CM/ECF system upon all attorneys of record this 1st day of May, 2019.

           By: /s/ Kimberly A. Corkill_____