UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **PATRICIA KENNEDY, individually,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Case No. 1:19-cv-0022-MW-GRJ |
| : | |
| **GATOR HOTEL VENTURES, LLC,** : | |
| : | |
| **Defendant.** : | |
| _____/ : | |

**PLAINTIFF'S VERIFIED APPLICATION FOR
ATTORNEY FEES, COSTS, EXPERT FEES AND LITIGATION
EXPENSES WITH MEMORANDUM OF LAW IN SUPPORT**

Plaintiff PATRICIA KENNEDY ("Plaintiff"), by and through undersigned counsel, and pursuant this Court's May 2, 2019 Order Granting Motion for Entitlement, DOC 15, hereby files this Motion For Attorney Fees, Costs And Litigation Expenses, and in support thereof states as follows:

1. On April 10, 2019, the parties filed their Stipulation for Approval and Entry of Consent Decree, DOC. 11, 11-1.

2. Plaintiff subsequently filed her Motion for Entitlement to Attorney Fees, Costs and Litigation Expenses, DOC. 14.

3. On May 2, 2019, this Court entered an Order directing Plaintiff to file her motion for attorney's fees and costs with supporting documentation on or before May 20, 2019 if the parties were unable to reach an agreement on same.

4. To date, and since this litigation commenced in February, 2019, undersigned counsel has made countless attempts to negotiate an agreement as to attorneys' fees, costs and litigation

1

expenses. However, Defendant's counsel has been uncooperative and the parties have been unable to resolve the issue of attorneys' fees and costs.

## MEMORANDUM OF LAW

### I. CALCULATING ATTORNEYS' FEES

In a civil rights case, the amount of an award of attorneys' fees is determined by using the "lodestar" method: the value of a lawyer's service is calculated by determining a reasonable hourly rate for the provision of legal services and multiplying that rate by hours reasonably expended. *See* Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable, comparable skills, experience and reputation. *See* Marisol A. v. Giuliani, 111 F.Supp.2d 381 (S.D.N.Y.2000). The relevant community to which the Court should look is the District in which the case was brought. Patrolmen's Benevolent Assn of the City of New York, Inc. v. The City of New York, 2003 WL 21782675 (S.D.N.Y. 2003); AR v. New York City Department of Education, 407 F.3d 65 (2d Cir 2005); Access 4 All, Inc. v. Park Lane Hotel, Inc., 2005 WL 3338555 (S.D.N.Y. 2005).

The Affidavit and resume of Thomas B. Bacon are attached as composite Exhibit A. Attorney Bacon has been a practicing attorney for 29 years. He has been a member of the Pennsylvania Bar since 1989. He has been a member of the Florida Bar since 1998. He has been a member of the Georgia Bar since 2008. He is a member of the United States District Courts For The Western District Of Texas, Southern District Of Florida, Middle District Of Florida, Northern District Of Florida, Northern District Of Georgia, Northern District Of Illinois, Western District Of Pennsylvania, Eastern District Of Pennsylvania, District of Puerto Rico and the U.S. Courts Of Appeals for the Second, Third, Fourth, Sixth and Eleventh Circuits.

Attorney Bacon has successfully handled several hundred Title III ADA cases in the past several years. He has handled such cases in all of the above courts, and has handled many additional cases on a *pro hac vice* basis in the following United States District Courts: Northern District Ohio, Southern District Ohio, Western District New York, Southern District New York, Eastern District New York, District of Massachusetts, District of Maryland, Eastern District of Virginia, District of South Carolina, Eastern District of North Carolina, Middle District of North Carolina, Middle District of North Carolina Northern District of Georgia, Western, Middle and Eastern Districts of Pennsylvania and the District of New Jersey. *Bacon Affidavit*, *Exhibit A*. Attorney Bacon seeks an hourly rate of $425.00.

Attorney Kimberly A. Corkill has been an attorney since 2010 and is a member in good standing in the Florida Bar. She is a member of the United States District Courts For The Southern District Of Florida, Middle District Of Florida, and Northern District Of Florida as well as the United States Federal Court of Claims and the United States Court of Appeals For Veterans Claims. Attorney Corkill has successfully handled several Title III ADA cases. In addition to her litigation and appellate experience, Attorney Corkill maintains a practice in federal workers' compensation law, ERISA, Social Security Disability Insurance claims, and medical malpractice claims. See Corkill Affidavit, and Resume, Exhibit B and B1 respectively. Attorney Corkill seeks an hourly rate of $400.00.

In Kennedy v. Rushi Hospitality LLC, 18-cv-62259-WPD, DE 26 (S.D. Fla. 2/6/19), one Court awarded the requested rates of $430/hr for Thomas B. Bacon and $425/hr for Althea Campbell. In Kennedy v. Dockside View, LLC, 2:18-cv-14444-KAM, DE 8 (S.D. Fla. 1/19/19), another court granted the requested rates of $425.00 for Thomas B. Bacon and $425.00 for Attorney

3

Althea Campbell. In Kennedy v. Satya Group, 17-14393-Rosenberg DE 15 (S.D. Fla. ), one court found that the attorneys' fees requested by Plaintiff (at a rate of $425.00 per hour for attorney Thomas B. Bacon and $350.00 for attorney Kathly L. Houston were reasonable.  In Access For The Disabled, Inc. v. Sneekie Pete's Brew & Grille, Inc.,12-60288-Middlebrooks, DE 29 (S.D. Fla. May 15, 2013. Thomas B. Bacon was awarded the hourly rate of $390.00. This rate was awarded after the Court reasoned that it had been lowered because Mr. Bacon had assumed control in a late stage of the case. In Houston v. South Bay Investors, 9:13-cv-80193-DTKH (S.D. Fla. July 25, 2013), Phil Cullen was awarded the hourly rate of $420.00. In Access For The Disabled, et al. v. Baers Furniture Co., Inc. Case No. 0:07-cv-60953-KAM [DE 29] (S.D. Fla. DE 29, March 16, 2011), the United States District Court For the Southern District of Florida issued a Report and Recommendation awarding fees to Attorney Thomas B. Bacon at the hourly rate of $350.00. In Gomez v. Sun Cuisine, LLC, 1:18-cv-22194-RNS, DE 19 (S.D. Fla. 12/21/18), Judge Scola awarded Thomas B. Bacon the hourly rate of $425 and an another attorney Duane Crooks, the rate of $400.00.  In Kennedy v. Pacifica Tampa Ltd Partnership, 5:17-cv-442-JSM-PRL, DE 9 (M.D. Fla. 3/2/18), Judge Moody awarded  $425 to Attorney Thomas B. Bacon and $350 to Attorney Christine Failey.  In Kennedy v. Stuart Centre Investors, LLC, 2:16-cv-14262 (S.D. Fla. 11/15/16)(Attorney Phil Cullen was awarded his full fees at the rate of $420.00. Compare DE 13, requesting the hourly rate of $420, with DE 16, awarding the requested fees without discount).  Cullen and Bacon were awarded $400/hr in Kennedy v. Fountains of Boynton Assoc., I6-8I9OZ-CIV-MARRA, DE 22 (S.D.Fla. 11/6/17).  Phil Cullen was awarded $420/hr in Kennedy v. 5096 Forest Hill Investments, L L C, No. 9:15-cv-8100l -Rosenberg, DE 21.  Judge Rosenberg explicitly found the rates to be reasonable and cited to Houston v. South Bay Investors, No. 101, L L C, 2013 W L 3874026 (S.D. Fla. July 25, 2013), a case

in which the court found a rate of $420 for an attorney and a rate of $ 1 1 5 for paralegal work to be reasonable. In 2018, Thomas B. Bacon was awarded the hourly rate of $425 and Kathy Houston awarded the hourly rate of $350.00 in Kennedy v. SATYA GROUP, LLC, Case Number: 2:17-cv-14393-RLR, DE 15 (S.D. Fla. 1/3/2018). In Kennedy v. JM Three f/g//r.,p Corp, 9:1 5-cv-80068-Marra, Judge Marra awarded Plaintiff's counsel $400.00 per hour. See DE 12, 14. In 2017, Attorneys Bacon and Albo were awarded $375/hr in Kennedy v. Jupiter AA Hotel, LLC, 17-80215-CIV-MARRA, DE 23 (S.D. Fla. 11/6/17). In Kennedy v. Astoria Hotel Suites, LLC, 19-cv-60160, DE 18 (S.D. Fla. 3/22/19), a court awarded the hourly rate of $425 to Thomas B. Bacon and $400 to Kimberley Corkill.

In 2017, in Gil v. Winn Dixie, (Case 1:16-cv-23020-RNS Document 73, p. 2 entered on FLSD Docket August 11, 2017) , a District Court awarded the following hourly rates to plaintiff's attorneys:

> Scott R. Dinin, Esq. $400.00/hour. Admitted to Fla bar 1996.
> Richard F. Della Esq. $500.00/hour  Admitted to Fla bar 1995
> Joshua M. Entin, Esq. $500.00/hour Admitted to Fla bar 2001
> Candace D. Cronan, Esq. $325.00/hour.  Admitted to Fla bar 2011
> Joseph E. Somake, Esq. $250.00/hour  Admitted to Fla bar 2014

In setting the hourly rate for Plaintiff's counsel, this Court should consider the rates charged by various *defendants*' attorneys. In 2017, defense attorney Ken Minerley charged $395.00 per hour. See Exhibit C, at p. 4. Brian Blair, located in the Middle District of Florida, received $420.00 hour in 2011. Mr. Blar has been a practicing attorney since 1993[1], four years fewer than Attorney Bacon. *Exhibit D*. As of 2011, the firm of Baker Hostetler charges its clients at the hourly rates of $375 for

---

[1] Information pertaining to the year of each respective attorney was admitted was obtained from www.floridabar.org.

an attorney of 8 years; $375 for an attorney of 6 years. *Id.* In 2012, defense attorney Dana Watts submitted an affidavit in the Middle District advising the Court that he charges $300 per hour, even though he has handled fewer than 10 ADA cases. *Exhibit E*. Additionally, an "expert" affidavit opined that the "typical" hourly rate charged by defense attorneys in 2012[2] was $350.00. *Exhibit F*. In 2006, in the Southern District of Florida, the firm of Lydecker Lee charged its clients the hourly rate of $340.00 for three different attorneys of 4 years' experience; $340.00 per hour for an attorney of 2 years' experience; and $385 per hour for an attorney with 7 years' experience. *See Exhibit G.* In 2013, Richard A. Harrison, a Tampa based defense counsel indicated that he is paid at the hourly rate of $400.00. *See Exhibit H*. In 2016, Denise Wheeler Wright, a defense attorney located in Ft. Myers, admitted in 1994, charged $410 per hour. *See Exhibit I.* Defense attorney Daniel Levine (who represents both plaintiffs and defendants and has been an attorney since only 1998) filed timesheets in Lord v. PBG Delivery Dudes, LLC, 9:18-cv-80665-RLR, DE 14-8 (S.D. Fla. 8/7/18) indicating that he charges the hourly rate of $425/hour. Those rates were approved. *Id*. at DE 15. Significantly, these defense lawyers are paid on retainer, and are compensated regardless of whether they win or lose and do not incur any out of pocket expenses. By contrast, undersigned counsel is paid only if Plaintiff prevails. In the event of loss, Plaintiff's counsel suffers monetary losses in the form of expert fees, filing fees, process server and mediation fees. For these reasons, Thomas B. Bacon should be awarded hourly rates higher than the rates charged by defense attorneys with less experience. Bacon's request of $425.00 an hour is entirely reasonable. Similarly, attorney Kimberly A. Corkill's request for an hourly rate of $400.00 is also reasonable, when defense firms are charging comparable rates for attorneys with equal or less experience.

Factors to be considered when setting a fee include: (A) the amount involved and the results

6

obtained; (B) the time and labor required; (C) the novelty and difficulty of the issues; (D) the skill required to perform the legal services properly; (E) the preclusion of other employment; (F) the customary fee; (G) whether the fee is fixed or contingent; (H) the time limitations imposed by the client or circumstances; (I) the experience, reputation and ability of the attorneys; (J) the undesirability of the case; (K) the nature and length of the professional relationship with the client; and (L) awards in similar cases. Hensley, *supra,* p. 429-430, Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974).

    A.    **The Amount Involved and The Results Obtained**

The Supreme Court has held that the most critical factor in determining the reasonableness of a fee award is the degree of success obtained. Hensley, 461 U.S. at 436; Farrar v. Hobby, 506 US 103, 114 (1992). *See also* Pearson v. Fair, 980 F.2d 37 (1st Cir. 1992).

Plaintiff submits that the benefit of the litigation to the public as a whole is a crucial factor under the Johnson analysis when determining fees. Pubic policy may support an award of attorneys' fees in civil rights cases when the Plaintiff has sued to vindicate a public right at a cost high in comparison to the actual damages suffered. Knight v. Auciello, 453 F.2d 852 (1st Cir. 1972). As such, in assessing attorneys' fee under the ADA, the Court must consider the benefits to the public as a whole attained as a result of the civil rights action. In Villano v. Boynton Beach, 254 F.3d 1302, 1306 (11th Cir. 2001) the Court held that "successful civil rights actions vindicate a public interest ...[and] [p]ublic benefit is a distinct measure of success in civil rights actions and ... a court must account for that distinct measure of success when calculating an award of fees and costs." As required under the law, Plaintiff respectfully requests that the Court give proper weight to the public interests that were vindicated for the Plaintiff and disabled persons as a result of this litigation.

Defendants should now be required to make its premises fully compliant which will assist not only the Plaintiff but also all disabled persons. *See* Hensley, 461 U.S. at 1940 (where a Plaintiff has obtained excellent results, his attorney should recover a fully compensable fee). As one court referenced in Village Nurse Association of North Shore, Inc v. Bullen, 1995 U.S. Dist. Lexis 21935 (D. Mass. 2006), "As the Senate noted upon the enactment of 42 U.S.C. § 1988, all of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these law contain" (citation and internal quotations omitted).

In the case at bar, Plaintiff obtained significant beneficial results which substantially increase the accessibility of Defendants' facility to wheelchair disabled individuals.[2]

### B. The Time and Labor Required

Considerable time and effort was required to obtain the resolution of this case. Plaintiff filed this action requesting that Defendants timely remove barriers to access at its premises so that Plaintiff and other wheelchair bound disabled persons could avail themselves of the same goods and services enjoyed by the general public.

As set forth in the time sheets and docket entries, the undersigned attorney spent considerable time on this matter. This time was reasonable and necessary to bring this matter to conclusion with the beneficial results obtained. Attorney Bacon is the supervising attorney, oversees the work of attorney Kimberly A. Corkill and Mr. Bacon is the attorney who initially assesses all cases before they are opened. This timesheet includes time expended by Plaintiff's counsel in drafting this Fee

---

[2]This is a suit for injunctive relief and no monetary damages are sought. Therefore, the "amount involved" is inapplicable as a factor in this action.

Application.  Any and all time incurred by Plaintiff's counsel in filing, preparing and litigating this fee application and any fee hearings thereon is compensable.  *See* Martin v. University of South Alabama, 911 F.2d 604, 610 (11th Cir. 1990); Guerrero v. Commings, 70 F.3d 1111 (9th Cir. 1995); Davis v. City and County Of San Francisco, 976 F.2d 1536, 1544 (9th Cir. 1992); Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist., 71 F.3d 1053 (2nd Cir. 1995); Barlow-Gresham Union High School District No. 2 v. Mitchell, 940 F.2d 80 (9th Cir. 1991); Lund v. Affleck, 587 F.2d 75 (1st Cir. 1978);  Gagne v. Maher, 594 F.2d 336 (1979); Johnson v. State of Mississippi, 606 F.2d 635 (5th Cir. 1979);  Bagby v. Beal, 606 F.2d 411 (3d Cir. 1979); Prandini v. National Tea Company, 585 F.2d 47 (3d Cir. 1978).

    **C.**    **The Novelty And Difficulty Of The Questions Presented And The Skill Requisite To Perform The Legal Service Properly**

Thomas B. Bacon and Kimberly A. Corkill regularly represent disabled plaintiffs in actions against places of public accommodations seeking the removal of ADA violations.  It is estimated that there are very few firms nationwide that litigate Title III ADA claims.  Thus, Thomas Bacon and the undersigned have developed forms and procedures aimed at reducing the number of hours incurred at the inception of the case.  For example, a complaint that would normally require 20-50 hours to generate only requires 2-4 hours for this attorney.  Such efficiency, however, should not be construed as an indication that ADA cases do not present novel and difficult questions.  To the contrary, representation of plaintiffs in ADA actions presents numerous issues regarding entitlement to injunctive relief, standing, barriers to access, undue burden, exemptions, new construction and alterations versus pre-ADA construction, extensive knowledge of the ADAAGs (relevant ADA accessibility guidelines), Technical Assistance Manual and a multitude of other guides issued by the

Department of Justice, and regulations pertaining to hotel online reservations systems.

Plaintiff submits that the novelty and difficulty of the issues presented in ADA actions, and the skill requisite to properly address such issues justify a higher rate than many other areas of practice.

### D. The Preclusion Of Other Employment Due To Acceptance Of The Case And The Undesirability Of The Case

It has been recognized that plaintiff and her attorneys in cases such as the one at issue herein are the subjects of "vitriolic hostility." Mallory v. Harkness, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996). They are often the subjects of negative publicity, have been called "professional pawns" by some detractors and a "cottage industry" by others. Some courts, on the other hand, have recognized such civil rights advocates as "private attorney generals." *See e.g.*, Hensley, 461 U.S. at 445. It is seldom admitted that the primary, and perhaps singular, reason public places are beginning to comply with the obligations of the ADA is because of these private attorney generals filing enforcement suits.

Yet, because of the negative publicity and attitude that many have toward Title III ADA actions, the undersigned is predictably precluded from other employment based on acceptance of the case. For instance, it is highly unlikely that undersigned counsel will attract business clientele. It has been recognized that civil rights plaintiffs' work is oftentimes undesirable, and that plaintiffs' attorneys are economically impacted by their decision to help the civil rights litigant. As explained in Johnson v. Georgia Highway Exp., Inc. , 488 F.2d 714, 719 (5th Cir. 1974):

> "Civil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant.... Oftentimes his decision to help eradicate discrimination is not pleasantly received by the community or his contemporaries. This can have an economic impact on his practice which can be considered by the

Court."

Additionally, in the instant case, the undersigned attorney expended the time referenced above in the prosecution of this action. This time, spent on a contingency basis, could have been spent on other matters.

### E. The Customary Fee And Fees Awarded In Similar Cases

Discussed *supra*.

### F. Whether The Fee is Fixed or Contingent

The fee in the instant action is contingent. In fact, Plaintiff's counsel has incurred significant expenses. Moreover, there is no certainty that Plaintiff's counsel will receive any compensation at all. Therefore, in setting a reasonable hourly rate, Plaintiff submits that this Court should award the higher range of rates to account for the length of time and uncertainty that counsel would be paid at all.

### G. The Time Limitations Imposed by the Client or Circumstances

Because the barriers to access complained of by Plaintiff restricted and/or limited Plaintiff's access to the subject Facility, time was of the essence. Every day that passed while the undersigned did not work on the case and make every effort to expedite its resolution, by pursuing litigation, was another day that the subject property would remain inaccessible.

### H. The Experience, Reputation and Ability of the Attorneys

The qualifications and experience of counsel were discussed, supra.

## II. The Nature and Length of the Professional Relationship with the Client

The undersigned attorney as well as Thomas B. Bacon have represented plaintiffs in several

11

other actions and have a continuing relationship with their clients. This has led to increased efficiency in the prosecution of this litigation.

### III.  COSTS AND LITIGATION EXPENSES

A Bill Of Costs And Expenses is attached hereto as Exhibit J.

**A.     Costs**

A prevailing party is entitled to costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. These costs are defined by 28 U.S.C. § 1920, which provides for recovery of, inter alia, (1) fees of the Clerk and process server; (2) court reporter fees "for all or any part of the stenographic transcript obtained for use in the case"; (3) fees for printing and witnesses; (4) fees "for exemplification and copies of papers necessarily obtained for use in the case"; and (5) docket fees. Additionally, in civil rights actions, a prevailing party may recover expenses not normally available under § 1920. See Dowdell v. City of Apopka, 698 F. 2d 1181, 1189-92 (11th Cir 1983). Such additional expenses cover "with the exception of routine overhead, normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of the settlement of the case." Id. at 1192. Dowdell reversed the lower court for its refusal to tax travel, telephone and postage expenses as costs.

In Davis v. Mason County, 927 F. 2d 1473, 1488 (9th Cir. 1991), the Ninth Circuit discussed the recovery of travel expenses under 42 USC §1988:

> " Mason County fails to see that like the expert witness fees, the travel expenses were not granted as costs under section 1920, but rather as out-of-court expenses compensable under section 1988. Courts have generally held that expenses incurred during the course of litigation which are normally billed to fee-paying clients should be taxed under section 1988. Dowdell, *supra* at 1190, Palmigano v. Garraby, 707 F.

2d 636,637 (1st cir 1983); Northcross v. Board of Education, 611 F. 2d 624, 639 (6th Cir. 1979); cert. denied, 447 U.S. 911 (1980).

As the Eleventh Circuit said in Dowdell:

" Reasonable attorney's fees' under the (Attorney's Fee Awards) Act must include reasonable expenses because attorney's fees and expenses are inseparably intertwined as equally vital components of the cost of litigation. The factually complex and protracted nature of civil rights litigation frequently makes it necessary to make sizeable out -of- pocket expenses which maybe essential to success as the intellectual skills of the attorneys. If these costs are not taxable, and the client, as is often the case, cannot afford to pay for them, they must be borne by counsel, reducing the fees award accordingly. Thus, following the reasoning adopted in upholding the award of expert witness fees, we also affirm the district courts award of travel expenses pursuant to section 1998."

Said expenses are fully itemized in the attached invoice.

**B.    Litigation Expenses Include Expert Fees**

The ADA expressly states that the prevailing party may receive "reasonable attorneys fees, including litigation expenses and costs." 42 USC § 12205.  See Lovell v. Chandler, 303 F. 3d 1039, 1058 (9th Cir. 2002) ("because the term 'litigation expenses' normally encompasses expert witness fees, we hold that the statutory provision provides direct authority for the award of expert witness fees."); Robins v. Scholastic Book Fairs, 928 F.Supp 1027, 1036  (D. Or. 1996)  (finding that litigation expenses include the costs of expert witnesses); Association for Disabled Americans, Inc., et. al. v. North Beach Plaza, Inc., supra, (awarding expert fees of $3755.50 at $185 per hour); ACCESS FOR THE DISABLED, Inc. v. SCIT, Inc.,Case No. 06-2888  (N.D. Oh. 2007)(awarding $6,350 in expert fees at hourly rate of $175 for initial inspection and $200 per hour for the final inspection).

**IV.    Plaintiff's Attorneys Are Entitled To Their Fees In Drafting The Instant Motion**

Courts have widely held that civil rights plaintiffs' attorneys are entitled to compensation for

their time incurred in generating their fee petition and attending any fee hearings. See Prandini v. National Tea Company, 585 F.2d 47, 53 (3rd Cir. 1978); Bagby v. Beal, 606 F.2d 411, 416 (3rd Cir. 1979; Barlow-Gresham Union High School District No. 2 v. Mitchell, 940 F.2d 1280, 1286 (9th Cir. 1990); Martin v. University of South Alabama, 911 F.2d 604,610 (11th Cir. 1990); Coulter v. State of Tennessee, 805 F.2d 146, 151 (6th Cir. 1986); In re Nucorp Energy, Inc., 764 F.2d 655, 660-661 (9th Cir. 1985); Johnson v. State of Mississippi, 606 F.2d 635, 638 (5th Cir. 1979); Gagne v. Maher, 594 F.2d 336, 343-44 (2nd Cir. 1979); Weisenberger v. Huecker, 593 F.2d 49, 53-54 (6th Cir. 1979); Lund v. Affleck, 587 F.2d 75, 77 (1st Cir. 1978).

As hereinbefore explained, and as itemized in the invoice submitted, Plaintiff has incurred the sum of $9,150 in fees and expenses.  This is based on 8.0 hours expended by Attorney Thomas B. Bacon, multiplied by the sought hourly rate of $425, for a total of $3,400; 11.6 hours expended by Attorney Kimberly A. Corkill, multiplied by a sought hourly rate of $400, for a total of $4,640; filing fees in the amount of $400, fees for our expert in the amount of $600, process server fees in the amount of $110.

Plaintiff's counsel below certifies that they has fully reviewed the time records and supporting data and that the motion is well grounded in fact and is justified.

Thus, Plaintiff's total expert fees, attorney fees, costs and litigation expenses are $9,150.

**CONCLUSION**

WHEREFORE, Plaintiff respectfully moves this Court to enter an Order awarding Plaintiff her attorneys' fees, expenses and costs incurred in this action in the amount of $9,150.

Respectfully submitted,

Attorney for Plaintiff:

/s/ Kimberly A. Corkill
Kimberly A. Corkill, Of Counsel
Thomas B. Bacon, P.A.
7 N. Coyle Street
Pensacola, FL 32502
ph. 850-375-3475
fx 877-828-4446
kimberlyatlaw@gmail.com
Florida Bar Id. No. 84942

Thomas B. Bacon, Esq.
Thomas B. Bacon, P.A.
644 North Mc Donald St.
Mt. Dora, FL 32757
ph. (850)375-3475
kimberlyatlaw@gmail.com
Florida Bar. Id. No. 84942

## CERTIFICATE OF CONFERENCE

Undersigned counsel hereby certifies that, pursuant to Local Rule 7.1(B), they conferred with Defendant's attorney and he does not consent to an order granting this motion.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's CM/ECF system upon all attorneys of record this 17th day of May, 2019.

By: /s/ Kimberly A. Corkill